NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM HARDY SAUNDERS, JR., individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARTS COUNCIL OF PRINCETON *et al.*,<br><br>Defendants. | Civ. No. 19-19018<br><br>**ORDER** |

THOMPSON, U.S.D.J.

This is the Court's third and final preliminary screening of Plaintiff's pleadings under 28 U.S.C. § 1915. On October 16, 2019, Plaintiff William Hardy Saunders, Jr. ("Plaintiff") filed the initial Complaint (ECF No. 1), an Application to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 1-2), and a Motion to Appoint Pro Bono Counsel (ECF No. 2). The Court granted Plaintiff's Application to Proceed *In Forma Pauperis*, but dismissed the Complaint for failure to state a claim. (1st Dismissal Order at 2–3, ECF No. 3.) The Court granted Plaintiff leave to amend the Complaint. (*Id.* at 3.) Plaintiff appealed the Court's Order to the United States Court of Appeals for the Third Circuit. (ECF No. 5.)[1] The Third Circuit dismissed Plaintiff's appeal for lack of appellate jurisdiction. (Certified Order at 1, ECF No. 10.)

Plaintiff filed an Amended Complaint (ECF No. 9), which the Court dismissed for failure to state a claim (ECF No. 11). The Court granted Plaintiff leave to file another amended complaint, but explained that, "if Plaintiff does not cure the Complaint's deficiencies, the Court

---

[1] On November 21, 2019, the Court denied Plaintiff's Motion to Appoint Pro Bono Counsel. (ECF No. 8.)

1

may dismiss the Complaint with prejudice and close this case." (2d Dismissal Order at 5, ECF No. 11.)

On September 8, 2020, Plaintiff filed the operative Second Amended Complaint. (ECF No. 14.) Some of Plaintiff's allegations are difficult to comprehend, but the crux of the Second Amended Complaint appears to be that Defendants erected a mural in Princeton, New Jersey to celebrate Hispanic heritage[2] or recognize immigrants,[3] thereby undermining Black heritage integral to the Witherspoon-Jackson Historic District in Princeton. (*See* 2d Am. Compl. ¶¶ 6–9, 11, 14, 16–25, ECF No. 14.) Plaintiff is a Princeton resident. (*Id.* ¶ 1.) The Complaint alleges five counts, labeled by Plaintiff as follows: (1) "Race Discrimination Deprive Equal Protection of Law" (*id.* ¶¶ 4–5); (2) "Discrimination on Basis Race, Origin, Culture, and Identity" (*id.* ¶¶ 6–10); (3) "Discrimination By Policy Sanctuary City Preferential Treatment" (*id.* ¶¶ 11–15); (4) "Discriminatory to [sic] Pitting Immigrant Culture Against Black-American Culture" (*id.* ¶¶ 16–19); and (5) "Race Discrimination By Mural Deny Freedom of Expression" (*id.* ¶¶ 20–25). Plaintiff cites 42 U.S.C. §§ 1981–83 as the bases of his discrimination claims, without specifying which statutory provisions or constitutional violations apply to which count. (*See id.* at 2.) Plaintiff seeks removal of the mural, an end to a "Sanctuary city policy," monetary damages, and the assignment of pro bono counsel. (*Id.* at 7.)

The Second Amended Complaint fails to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). "The legal standard for dismissing a complaint for failure to state a claim pursuant to [§ 1915(e)(2)(B)(ii)] is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122

---

[2] The Amended Complaint stated that the mural was dedicated to Hispanic culture. (Am. Compl. ¶ 7, ECF No. 9.) The Second Amended Complaint states that the mural was dedicated to immigrants. (2d Am. Compl. ¶ 20, ECF No. 14.)

[3] In one instance, Plaintiff equates immigrants with "illegal aliens." (2d Am. Compl. ¶ 16.)

2

(3d Cir. 2012). Plaintiff has not pleaded a plausible basis for his claim of racial discrimination in Count 1. Plaintiff, an artist, asserts that his friend sent copies of Plaintiff's artwork to Defendant Arts Council of Princeton. (2d Am. Compl. ¶ 4.) Plaintiff avers that Defendant Arts Council of Princeton

> rejected, and declined an exhibition, and without giving a reason, but indicating the contexts of imagery on topics, such as; Black-Americans criminal injustice system or wrongful conviction; problems of poverty; hunger; and, homelessness, are subjects not befitting for wealty [sic] White class Princetonians.

(*Id.* ¶ 5.) Plaintiff's allegations do not amount to a claim of racial discrimination. Even if Defendant Arts Council of Princeton "rejected[] and declined" an art exhibition proposed by Plaintiff, Plaintiff concedes that Defendant Arts Council of Princeton did not provide a reason for doing so, and it is unclear what Plaintiff means by "indicating the contexts of imagery."

Plaintiff has not pleaded a plausible basis for his discrimination claim in Count 2. Plaintiff alleges that Defendants "announced [the mural] to be a 'dedication' exclusively for culture the [sic] immigrants, and that Black culture [was] 'demeaned or considered [an] >inferior< class' in their own historic homestead." (*Id.* ¶ 9.) Without further detail, Plaintiff's claim is merely an account of his reaction to the mural. The claim does not plausibly support an inference of any disparate treatment or classification, let alone any discriminatory purpose.

Plaintiff has not pleaded a plausible basis for his discrimination claim in Count 3. Plaintiff submits that no hearing regarding the mural was ever held. (*Id.* ¶¶ 11–13.) Plaintiff also references a telephone call with the Executive Director of Defendant Arts Council of Princeton, in which Plaintiff and the Executive Director purportedly discussed a "Sanctuary city policy having to do with 'preferential treatment' for 'persons' the alien immigrants or non-citizens entitlement to special extraordinary treatment." (*Id.* ¶ 14.) Plaintiff's allegations do not suggest that he was entitled to any hearing. Moreover, merely characterizing a defendant's conduct as

"preferential treatment" on account of race or nationality does not make it so. To survive a motion to dismiss for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's allegations are inadequate under that standard.

Plaintiff has not pleaded a plausible basis for his discrimination claim in Count 4. Plaintiff cavils at the public funding of the mural, (*see* 2d Am. Compl. ¶ 16), but he does not allege facts plausibly suggesting that Defendants somehow violated a statute or his constitutional rights. Additionally, Plaintiff reiterates that "defendant's Sanctuary allow immigrants preferential treatment as an entlement [sic] to extraordinary benefits designed to deprive Black American citizens the equal protection of the law" (*id.* ¶ 17), but his conclusory grievances about preferential treatment do not comprise a cognizable or comprehensible legal claim.

Count 5 repeats Plaintiff's previous assertions in different words: Plaintiff posits that the mural is "in fact[] using [immigrants] and their culture as . . . pawns to meet the defendants [sic] goals . . . to rid Black people from their homestead." (*Id.* ¶ 22.) This claim does not satisfy the standards for pleadings in federal district court, even for pro se plaintiffs. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (explaining that "pro se litigants still must allege sufficient facts in their complaints to support a claim").

Because Plaintiff's claims are meritless, the Court denies Plaintiff's request for pro bono counsel. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

For the foregoing reasons,

IT IS, on this 8th day of January, 2021,

ORDERED that the Second Amended Complaint (ECF No. 14) is DISMISSED WITH PREJUDICE; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. Mail; and it is further

ORDERED that the Clerk of the Court shall CLOSE this case.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.